## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| RONIESHA FORD, individually, and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**RENZENBERGER, INC,**<br>**Registered Agent:**<br>Corporation Service Company<br>2900 SW Wanamaker Dr., Ste. 204<br>Topeka, KS 66614<br><br>**Defendant.** | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION**<br><br><u>**JURY TRIAL REQUESTED**</u> |

## COMPLAINT

Plaintiff Roniesha Ford, individually and on behalf of all others similarly situated, by and through her counsel, brings this Complaint against Renzenberger, Inc., d/b/a Hallcon ("Hallcon"), and hereby states and alleges as follows:

## INTRODUCTION

1. Hallcon failed to pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Plaintiff and all other similarly situated employees are non-exempt hourly employees who worked for Hallcon and received a shift differential in any workweek in which overtime was worked within the preceding statutory period.

3. Plaintiff Roniesha Ford worked at Hallcon's location in Lenexa, KS as a non-exempt hourly employee who received shift differentials when working certain hours.

4. Pursuant to Hallcon's company-wide policies, practices, and/or procedures, Defendant failed to pay Plaintiff Ford and other similarly situated non-exempt hourly employees the proper amount of overtime compensation due and owing pursuant to the FLSA.

5. Defendant's systematic violations of the FLSA were willful in that Defendant either knew that its policies, practices, and/or procedures violated the FLSA or acted with reckless disregard as to whether or not its policies complied with the law.

6. Plaintiff, on behalf of herself individually and all other similarly situated employees, brings this lawsuit as: (a) a collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under state law for breach of contract and for unjust enrichment.

## **JURISDICTION AND VENUE**

7. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367, in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

10. Plaintiff Ford is a resident of the State of Missouri. From August 30, 2017 to August 23, 2018, Plaintiff Ford was employed by Defendant as a non-exempt hourly employee at Defendant's place of business located at 14325 W. 95th St., Lenexa, KS 66215. Plaintiff Ford's Consent to be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

11. Defendant Renzenberger, Inc., d/b/a Hallcon is a Corporation organized under the laws of the State of Kansas, with its principal place of business located in the State of Kansas. Defendant is duly registered and in good standing with the State of Kansas and identifies its Registered Agent and office as: Corporation Service Company, 2900 SW Wanamaker Dr., Suite 204, Topeka, KS 66614.

12. At all relevant times herein, Defendant Hallcon has been an enterprise engaged in commerce or in the production of goods for commerce and has enjoyed gross receipts in excess of $500,000 during each of the years within the statutory period.

## GENERAL ALLEGATIONS

13. Plaintiff re-alleges the allegations set forth above.

14. Plaintiff Ford and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant at any of their locations nationwide and who received a shift differential in any workweek in which overtime hours were also worked during the applicable statutory period.

### Miscalculation of Overtime Compensation

15. Plaintiff re-alleges the allegations set forth above.

16. Pursuant to state/federal law, Plaintiff and the putative class members are non-exempt hourly employees who must be paid overtime in an amount of one and one-half times their "regular rate" of pay for all hours worked in excess of forty hours in a workweek.

17. Plaintiff and the putative class members are non-exempt hourly employees who were paid a shift differential that was not factored into the calculation of overtime compensation as required by the FLSA.

18. An employee's "regular rate" is generally determined by "dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours

actually worked by him in that workweek for which such compensation was paid." *See e.g.* 29 C.F.R. § 778.109. Pursuant to 29 U.S.C. § 207(e) and 29 C.F.R. 778.207(b), "nightshift differentials" as those paid by Defendant to non-exempt hourly employees must be included in the "regular rate" for purposes of calculating overtime compensation due and owing.

19. Defendant's policy, practice, and/or procedure is to fail to properly calculate the overtime rate by failing to include the shift differential in the regular rate in the calculation of overtime compensation.

20. Plaintiff and the putative class members regularly worked overtime and received shift differential pay during such workweeks and Defendant's policies, practices, and/or procedures resulted in a failure to pay all overtime compensation due and owing.

    a. Plaintiff Ford provides the following example in which her compensation was calculated improperly:[1]

        i. Check Date 8/10/2018: Plaintiff Ford worked 117.52 hours at a rate of $13.00 per hour. 84.98 of these hours were worked during the nightshift, entitling Plaintiff Ford to an additional $.50 per hour. Defendant Hallcon paid Plaintiff Ford for 37.52 hours of overtime at the rate of $19.50. Had Defendant Hallcon properly calculated Plaintiff Ford's overtime compensation, Defendant Hallcon would have included the $.50 shift differential into Plaintiff Ford's regular rate and her overtime rate would, therefore, naturally be higher than $13.00. Unfortunately, Defendant Hallcon failed to include this shift differential pay into the regular rate and calculated her regular rate incorrectly at her base rate of $13.00 and thus incorrectly calculated her overtime rate as

---

[1] Although many other violations exist, Plaintiff Ford provides one example of a workweek in which her compensation was improperly calculated.

$19.00 when it would naturally be higher upon inclusion of the shift differential within the regular rate.

**CLASS & COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff re-alleges the allegations set forth above.

22. Plaintiff brings Count I, the FLSA claim, arising out of Defendant's unlawful policies, practices, and/or procedures regarding the calculation and payment of overtime compensation, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff Ford, and the following class:

    a. FLSA Class: All employees classified by Defendant as non-exempt hourly employees who received shift differential pay during any workweek in which such individual worked overtime within the preceding three-year period and who worked at any of Defendant's locations nationwide.

23. Plaintiff brings Count II, the breach of contract claim, arising out of Defendant's unlawful policies, practices, and/or procedures regarding the failure to pay its contracts for employment pursuant to federal law, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Ford, and the following class:

    a. Breach of Contract Class: All employees classified by Defendant as non-exempt hourly employees who received shift differential pay during any workweek in which such individual worked overtime within the preceding five-year period and who worked at any of Defendant's locations nationwide.

24. Plaintiff brings Count III, the Unjust Enrichment / Quantum Meruit claim arising out of Defendant's failure to properly pay agreed upon wages in violation of federal law, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Ford, and the following class:

a. Unjust Enrichment / Quantum Meruit Class: All employees classified by Defendant as non-exempt hourly employees who received shift differential pay during any workweek in which such individual worked overtime within the preceding three-year period and who worked at any of Defendant's locations nationwide.

25. Plaintiffs Common Law Claims (Counts II-III) satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

26. These classes each number in the hundreds or thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice where employees congregate.

27. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

    a. Whether Defendant failed to properly calculate overtime compensation in violation of the state/federal law.

    b. Whether Defendant had policies, practices, and/or procedures that resulted in the failure to properly compensate Plaintiff and the putative class members in violation of the state/federal law.

    c. Whether Defendant engaged in unfair business practices;

    d. Whether Defendant was unjustly enriched by virtue of its policies, practices, and/or procedures with respect to Plaintiff and the putative class members' compensation;

    e. Whether Defendant breached contracts by failing to pay wages pursuant to state/federal law;

    f. Whether Defendant willfully violated state/federal law; and

g. Whether Defendant's policies, practices, and/or procedures violate state/federal law.

28. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

29. Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

30. A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Defendant acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

31. Plaintiff is an adequate representative because she is a member of each of the classes and has interests that do not conflict with the interests of the members of those classes for which she seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced at prosecuting complex wage and hour, employment, and class action litigation.

32. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – FLSA OVERTIME

33. Plaintiff re-alleges the allegations set forth above.

34. Defendant violated the FLSA by failing to pay Plaintiff and the putative class members all overtime compensation due and owing for all overtime hours worked in a workweek.

35. Specifically, as discussed above, Defendant's policies, practices, and/or procedures were to fail to properly calculate the Regular Rate of pay by failing to include shift differential pay within the regular rate of pay. As a result, Defendant's policies, practices, and/or procedures resulted in a systematic failure to pay all overtime compensation due and owing in violation of the FLSA.

36. Defendant's policies, practices, and/or procedures described above were to unlawfully and willfully fail to properly pay its non-exempt employees pursuant to the FLSA.

37. WHEREFORE, on Count I of this Complaint, Plaintiff and the putative class members demand judgment against Defendant and pray this Court:

    a. Issue notice to all similarly situated employees of Defendant informing them of their right to file Consents to Join the FLSA portion of this action;

    b. Award Plaintiff and the putative class members damages for all unpaid overtime compensation due under 29 U.S.C. § 216(b);

    c. Award Plaintiff and the putative class members liquidated damages under 29 U.S.C. § 216(b);

    d. Award Plaintiff and the putative class members pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiff and the putative class members attorneys' fees and costs under 29 U.S.C. § 216(b); and

f. Award Plaintiff and the putative class members such other relief as the Court deems fair and equitable.

## COUNT II – BREACH OF CONTRACT

38. Plaintiff re-alleges the allegations set forth above.

39. Defendant entered into a contract with Plaintiff and the putative class members through which they agreed that employees would be paid for each hour worked pursuant to applicable state/federal laws.

40. Defendant breached these contracts by failing to pay Plaintiff and the putative class members for all hours worked at the legal and applicable rates pursuant to state/federal law.

41. Because of Defendant's breach, Plaintiff and the putative class members have been similarly damaged.

42. WHEREFORE, on Count II of this Complaint, Plaintiff and the putative class members demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

    b. Order Defendant to repay Plaintiff and the putative class members for unlawfully unpaid wages in violation of their contracts;

    c. Award Plaintiff and the putative class members liquidated damages, attorneys' fees, costs, pre-judgment and/or post-judgment interest as provided by law; and

    d. Award Plaintiff and the putative class members such other relief as the Court deems fair and equitable.

## COUNT III – UNJUST ENRICHMENT / QUANTUM MERUIT

43. Plaintiff re-alleges the allegations set forth above.

44. Defendant benefited from its policies, practices, and/or procedures that resulted in a systematic failure to pay all overtime compensation due and owing to Plaintiff and the putative class members in violation of state/federal law.

45. Defendant was aware or should have been aware that it was receiving a benefit of these improperly paid wages at the time such monies were withheld and Defendant accepted and retained such benefit without paying fair compensation to Plaintiff and the putative class members.

46. Defendant's acceptance and retention of the compensation rightfully earned by Plaintiff and the putative class members is inequitable and resulted in Defendant being unjustly enriched.

47. WHEREFORE, on Count III of this Complaint, Plaintiff and the putative class members demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

    b. Order Defendant to repay Plaintiff and the putative class members for the unlawfully retained compensation that should have been conveyed to the Plaintiff and the putative class members pursuant to state/federal law and/or contractual obligations;

    c. Award Plaintiff and the putative class members liquidated damages, attorneys' fees, costs, pre-judgment and/or post-judgment interest as provided by law; and

    d. Award Plaintiff and the putative class members such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

# DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the District of Kansas at Kansas City, Kansas as their place of trial.

Dated: December 5, 2018

Respectfully submitted,

**OSMAN & SMAY LLP**

| | |
|---|---|
| */s/ Matthew E. Osman*  <br> Matthew E. Osman    KS # 23563 <br> 8500 W. 110th St., Ste. 330 <br> Overland Park, KS 66210 <br> mosman@workerwagerights.com <br> Tel: (913) 667-9243 <br> Fax: (866) 470-9243 | */s/ Kathryn S. Rickley*  <br> Kathryn S. Rickley    KS # 23211 <br> 8500 W. 110th St., Ste. 330 <br> Overland Park, KS 66210 <br> krickley@workerwagerights.com <br> Tel: (913) 667-9243 <br> Fax: (866) 470-9243 |

**ATTORNEYS FOR PLAINTIFFS**