IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONIESHA FORD, individually, and on behalf of all others similarly situated,**<br>　　　　　　　　　　　　**Plaintiff,**<br>**v.**<br>**RENZENBERGER, INC.**<br>　　　　　　　　　　　　**Defendants.** | Civ. No.: 2:18-cv-02660-CM-KGG |

## UNOPPOSED ORDER

　　Before the Court is Plaintiffs' Unopposed Motion for Settlement and Fee Approval and Suggestions in Support Thereof. Having reviewed and considered both motions and all evidence offered in support, the Court finds as follows:

　　(1)　The capitalized terms in this Order have the same meaning as set forth in the Class and Collective Action Settlement Agreement, Release, Waiver ("Agreement") (Doc. 14-1) and its attachments unless stated otherwise;

　　(2)　This Court has jurisdiction over the subject matter of this action, and jurisdiction over the Plaintiffs, the participating class members, the Settlement Classes, and Defendant;

　　(3)　The terms of the Parties' Agreement (Doc. 14-1) are fair, reasonable, and adequate, and the litigation involves bona fide wage and hour disputes;

　　(4)　The settlement and the Agreement are the product of contested litigation and resulted from non-collusive, arm's-length negotiations;

　　(5)　The contents and distribution method of the Court-approved Notice of Class and Collective Action Settlement and Settlement Claim Form ("Notice Packet(s)") constituted the best notice practicable to the Settlement Classes under the circumstances and satisfied the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process;

　　(6)　Based on evidence and other material submitted in conjunction with the final approval hearing, the Notice Packets were adequate and were disseminated as previously approved by this

Court. The documents informed the members of the Settlement Classes of their rights to exclude themselves from the settlement, as well as their right to object to any aspect of the proposed settlement;

(7) The attorneys' fees provided for in the Agreement are reasonable in light of the work performed and results obtained;

(8) Class Counsels' costs and expenses were reasonably and necessarily incurred in the prosecution of this litigation; and

WHEREFORE, this Court holds as follows:

(1) That the settlement is a fair, reasonable, and adequate compromise of a bona fide dispute under both the state common laws and wage and hour laws pled and the Fair Labor Standards Act. The terms set forth in the Agreement and its attachments are approved as being fair, reasonable, and adequate in light of the degree of recovery obtained in relation to the risks faced by the members of the Settlement Classes in litigating the claims. The Settlement Classes are properly certified as part of the settlement and the criteria for 216(b) and Rule 23 certification have been fully met. The relief provided to the members of Settlement Classes under the Agreement is appropriate as to the individual members of the Settlement Classes, and as to the Settlement Classes as a whole.

(2) The Court further finds the releases and other terms contained in the Agreement and its related attachments to be fair, just, reasonable, and adequate as to the Plaintiffs and the members of the Settlement Classes.

(3) Plaintiffs' Unopposed Motion for Settlement and Fee Approval and Suggestions in Support Thereof (Doc. 17) is GRANTED;

(4) The Court hereby finally approves the collective and class action settlement, as set forth in the Agreement and its accompanying attachments.

(5) With respect to the Rule 23 Class, for settlement purposes, this Court finds and

concludes that: (a) the members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class members, and there is a well-defined community of interest among the Rule 23 Class members with respect to the subject matter of this action; (c) the claims of the Plaintiffs/Class Representatives are typical of the claims of the Rule 23 Class; (d) the Plaintiffs/Class Representatives have fairly and adequately protected the interests of the Rule 23 Class; (e) Class Counsel is qualified to serve as counsel for the Plaintiffs/Class Representatives and the Rule 23 Class; and (f) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues.

(6) Solely for purposes of effectuating this settlement, this Court hereby finally certifies the 29 U.S.C. § 216(b) Collective Class and the Rule 23 Class, as defined in the Agreement and related documents.

(7) The Defendant is directed to issue settlement payments to the Authorized Claimants (*See* **Redacted Class List**, Ex. A) in accordance with the terms of the Agreement;

(8) Payment of attorneys' fees and costs requested shall be made in accordance with the terms of the Agreement;

(9) Without affecting the finality of the Settlement or this Order, this Court retains jurisdiction over this case for purposes of resolving any issues pertaining to settlement administration, and consummation, enforcement, and interpretation of the Agreement; and

(10) This Action is hereby dismissed in its entirety WITH PREJUDICE, and the Clerk shall enter final judgment dismissing the action with prejudice, for the Plaintiffs and members of the Settlement Classes as set forth in the Agreement and without costs to any party, except to the extent otherwise expressly provided in the Agreement, having the fullest *res judicata* effect. This Court intends this Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and

the Federal Rules of Appellate Procedure; and

(11)    Plaintiffs and the members of the Settlement Classes are bound by the waiver and other terms in the Agreement and the Notice Packet, as set forth in the Agreement and its related documents, including the Settlement Claim Form, and shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or any forum any action the released claims against Defendants and others as set forth in the Agreement and Notice Packet;

(12)    Neither this Order nor any aspect of the settlement or Agreement is to be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Defendants. The parties to the Agreement entered into the Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience, and expenses; and

(13)    The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

**IT IS SO ORDERED.**

Date: July 26, 2019                                                          **s/ Carlos Murguia**
Kansas City, Kansas                                                       Carlos Murguia
                                                                                        United States District Judge